**Carlos PACHECO, an individual, Plaintiff–Appellant,**

v.

**HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; et al., Defendants–Appellees,**

and

**Mortgageit, Inc., Third-party-plaintiff,**

v.

**Relc, Inc., dba Real Estate Loan Center; et al., Third-party-defendants.**

No. 10–16734.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2011.

Filed Dec. 27, 2011.

Larry W. Gabriel, Esquire, Jenkins Mulligan & Gabriel, LLP, Woodland Hills, CA, Thomas A. Jenkins, Esquire, Daniel Joseph Mulligan, Jenkins Mulligan & Gabriel LLP, San Diego, CA, for Plaintiff-Appellant.

Karen Ann Braje, Esquire, Dennis Peter Maio, Esquire, Reed Smith LLP, San Francisco, CA, Lorenzo Emilio Gasparetti, Esquire, Reed Smith LLP, Los Angeles, CA, for Defendants-Appellees.

Before: FARRIS, NOONAN, and BEA, Circuit Judges.

MEMORANDUM *

Carlos Pacheco appeals the district court's order granting summary judgment in favor of lender defendants on his claim for rescission under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Reviewing the district court's order de novo, *see Alpha Delta Chi–Delta Chapter v. Reed,* 648 F.3d 790, 796 (9th Cir.2011), we affirm.

Because the parties contest Pacheco's ability to tender the loan proceeds, this court's holding in *Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir.2003) controls. Pacheco failed to produce any admissible evidence showing his ability to tender. The district court properly sustained objections to statements in Philip Lewis's declaration. Thus, Pacheco did not meet his burden of showing the existence of a triable issue of fact as to his ability to tender, a necessary element for the remedy of rescission. Accordingly, the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court properly granted summary judgment. *See Yamamoto,* 329 F.3d at 1173.

**AFFIRMED.**